UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:14-CV-00594-JHM**

**KEITH SAUNDERS**                                                                          **PLAINTIFF**

**V.**

**FORD MOTOR COMPANY, JEFF MARZIAN,**                   **DEFENDANTS**
**KAREN MORRISON, and UNICARE LIFE**
**AND HEALTH INSURANCE COMPANY**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiff Keith Saunders to vacate [DN 26] this Court's Memorandum Opinion and Order of May 1, 2015 [DN 24] granting Defendant UniCare Life and Health Insurance Company's Motion to Dismiss and denying in part Plaintiff's Motion to Amend. Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

**I. INTRODUCTION**

On May 1, 2015, the Court issued a Memorandum Opinion and Order granting Defendant UniCare's Motion to Dismiss [DN 7], denying in part Plaintiff's Motion to Amend [DN 19] as futile, and dismissing all claims against Defendant UniCare, as well as Count 6 as to all Defendants [DN 24]. Plaintiff now moves to vacate [DN 26] the Court's decision, contending that the Court erred in granting Defendant UniCare's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and in denying in part Plaintiff's motion to amend as futile.[1] Plaintiff maintains that the Amended Complaint "provides factual content that Defendant UniCare is engaging in illegal & tortious conduct, states grounds for

---

[1] The Court notes that Plaintiff filed his motion to vacate without a supporting memorandum. Local Rule 7.1 states that each motion before the Court should be accompanied by a supporting memorandum. LR 7.1(a). "Failure to file a supporting memorandum may be grounds for denying the motion." Id.

entitlement, and is not futile." (Pl.'s Mot. Vacate [DN 26] 1.) Thus, according to Plaintiff, the motion to vacate "is necessary to correct clear error of law and prevent manifest injustice." (Id.)

## II. DISCUSSION

Plaintiff moves the Court to vacate the May 1, 2015 Memorandum Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e). However, Rule 59(e) does not provide an appropriate means to challenge a non-final order. Simmerman v. Ace Bayou Corp., 304 F.R.D. 516, 518 (E.D. Ky. 2015). Rule 59(e), by its own terms, only applies to judgments, which is interpreted to mean final judgments. See Fed. R. Civ. P. 59(e); Keith v. Bobby, 618 F.3d 594, 597–98 (6th Cir. 2010) ("This court has interpreted the term 'judgment' to refer to a judgment or a final order."). This Court's prior Memorandum Opinion and Order was not a final order; it did not dismiss all of the defendants or all of the claims, but instead left Plaintiff with unresolved pending claims, and no separate judgment was entered. See Davey v. St. John Health, 297 F. App'x 466, 469 (6th Cir. 2008) (when a plaintiff's case has remaining claims, an order of dismissal as to less than all defendants is not a final order); Consolidation Coal Co. v. U.S. Dep't of Interior, 43 F. Supp. 2d 857, 862–63 (S.D. Ohio 1999) ("Fed. R. Civ. P. 54(b) makes it clear that an order which dismisses fewer than all claims or fewer than all parties to a lawsuit is, absent an express determination by the Court that there is no just reason for delay and absent an express direction for the entry of judgment, a non-final order."); see also Fed. R. Civ. P. 54(b). No final order or judgment has been entered in this case.

Because it did not dispose of all of the claims or parties, the Court's Order of May 1, 2015 is an interlocutory order, not a final order or judgment. The Federal Rules of Civil Procedure do not explicitly address reconsideration of interlocutory orders. The Sixth Circuit has recognized, however, that a district court has authority both under common law and under

Rule 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004).[2] "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)); see also United States v. Lexington-Fayette Urban Cnty. Gov't, No. 06-386-KSF, 2008 WL 4490200, at *1 (E.D. Ky. Oct. 2, 2008); Edmonds v. Rees, No. 3:06-CV-P301-H, 2008 WL 3820432, at *2 (W.D. Ky. Aug. 13, 2008). A motion to reconsider under Rule 54(b) may not, however, "serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought." Owensboro Grain Co., LLC v. AUI Contracting, LLC, No. CIV.A. 4:08CV-94-JHM, 2009 WL 650456, at *2 (W.D. Ky. Mar. 10, 2009) (quoting Jones v. Casey's Gen. Stores, 551 F. Supp. 2d 848, 854–55 (S.D. Iowa 2008)). "Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." Ne. Ohio Coal. for Homeless v. Brunner, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

---

[2] Rule 54(b) provides:
**Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.
Fed. R. Civ. P. 54(b).

3

Applying this standard to the current motion, the Court finds no reason to reconsider its prior order. Plaintiff does not argue that the law has changed or that new evidence is available, instead Plaintiff asserts that the Court committed error of law when it "look[ed] past" "facts" in the Amended Complaint that Plaintiff contends, without elaboration or support, "prove an unlawful scheme to retaliate against Plaintiff for engaging in protected activity, filing a worker's compensation claim, and filing this very lawsuit." (Pl.'s Mot. Vacate [DN 26] 3.) In his motion, however, Plaintiff wholly fails to show that this Court made a clear error of law in its May 1, 2015 Order. Plaintiff merely block quotes seven paragraphs of the Amended Complaint without explanation. He does not articulate which specific facts are allegations that would satisfy particular elements of any of his various claims, such as would have saved claims from being dismissed for failure to state a claim against Defendant UniCare. Plaintiff's bare block quotation of seven paragraphs of the complaint, devoid of helpful argument or reasoning, does not justify reconsideration of the Court's prior order.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate [DN 26] is **DENIED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

August 3, 2015

cc: Counsel of Record

4