UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEITH SAUNDERS,     Plaintiff

v.     Case No. 3:14-cv-594-JHM-CHL

FORD MOTOR COMPANY,     Defendant

<u>Memorandum Opinion and Order</u>

Keith Saunders moved for leave to file the video deposition of Dr. Ronald Spears under seal. (DN 61). Ford Motor Company did not file a response.

The Court of Appeals has issued two recent opinions discussing protective orders between parties during the discovery process and filing sealed documents in the court record. *See Rudd Equip. Co. v. John Deere*, No. 16-5055 (6th Cir. Jul. 27, 2016); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552 (6th Cir. Jun. 7, 2016). In *Rudd*, the Court of Appeals upheld a district court decision to unseal an entire civil action. *Id.* at 6. In *Shane Group*, the Court of Appeals vacated a district court's decision to seal, among other filings, nearly two hundred exhibits and an expert report at the heart of a class action. *Id.* at 11. Together, these decisions highlight the strong presumption in favor of open public proceedings.

"Secrecy is fine at the discovery stage, *before the material enters the judicial record*." *Shane Group* at 6 (emphasis added). "At the adjudication stage, however, very different considerations apply." *Id.* at 6; *see also*, *Rudd* at 6. "Shielding material in court records, then, should be done only if there is a 'compelling reason why certain documents or portions thereof should be sealed.'" *Rudd* at 6. "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Group* at 7 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Before granting a motion to seal, the court "must set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd* at 6 (internal quotation marks omitted). The interests in support of nondisclosure must be "compelling;" the interests in support of access must be "less so;" and the seal itself must be "no broader than necessary." *Id.* at 6.

Saunders asks to file Dr. Spears's video deposition transcript under seal. Pl.'s Mot. 1. Saunders argues that the exhibits to Dr. Spears's deposition include "handwritten notes that contain Plaintiff's name, social security number, and date of birth." *Id.* at 4 (citing Fed. R. Civ. P. 5.2).[1] He goes on to argue that redaction "would create noticeable gaps in the testimony and handwritten notes used as exhibits." *Id.* at 4. Although Saunders styled the motion as "Motion for Leave to File the Video Deposition Transcript of Dr. Ronald Spears Under Seal," Saunders's primary argument appears to point to the difficulties in redacting the video itself, not the transcript. *See, e.g.*, *id.* ("Redaction would be unduly burdensome and costly given the fact that the deposition is on a video CD and would tend to diminish the nature of the testimony."). He concludes, "An unredacted, sealed, deposition is the most convenient way to enter this video deposition into the record." *Id.*

---

[1] Rule 5.2 says:
(a) **Redacted filings**. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birthdate, the name of an individual known to be a minor, or a financial- account number, a party or nonparty making the filing may include only:
    (1) the last four digits of the social-security number and taxpayer-identification number;
    (2) the year of the individual's birth;
    (3) the minor's initials; and
    (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a).

The Court finds that the exhibits from Dr. Spears's deposition contain two examples of sensitive personal information that, if filed in the Court's electronic docket, must be redacted: Saunders's date of birth and Saunders's social-security number. Consistent with Rule 5.2, if a party files an exhibit from Dr. Spears's deposition into the Court's electronic docket, the Court will order that party to redact the month and day of Saunders's date of birth and the first five digits of Saunders's social-security number.

As for the video deposition and transcript, Saunders falls far short of his burden to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Group* at 7. He offers no specific example from Dr. Spears's deposition testimony itself, apart from the exhibits discussed above, that would justify redaction. While he argues that redacting the video would be the "most convenient," Pl.'s Mot. 4, convenience alone cannot overcome our "system's strong presumption in favor of openness." *Rudd* at 4. Notably, Saunders makes no argument that sealing is necessary because the deposition contains a discussion of Saunders's sensitive medical history. Nor is there any argument that sealing the deposition would protect an innocent third party's privacy interests. *See Shane Group* at 10.

Furthermore, it is of no consequence that Ford Motor Company did not object to Saunders' motion. Ford "could not have waived the *public's* First Amendment and common law right of access to court filings." *Rudd* at 8 (emphasis in original). Ultimately, filing the entire video deposition and transcript under seal fails to satisfy the court's command to make a seal "no broader than necessary." *Id.* at 6.

Accordingly, the Court **GRANTS** in part and **DENIES** in part the motion to seal (DN 61).

3

The Court **GRANTS** the motion to seal to the extent it seeks leave to redact Saunders's date of birth and social-security number from the exhibits in Dr. Spears's deposition. Any party who seeks to file exhibits from Dr. Spears's deposition in the Court's electronic docket **SHALL REDACT** the month and day of Saunders' date of birth and the first five digits of Saunders's social-security number in accordance with Federal Rule of Civil Procedure 5.2(a).

The Court **DENIES** Saunders' motion to the extent it seeks leave to file the deposition transcript of Dr. Spears under seal. Likewise, the Court **DENIES** the motion to seal to the extent it seeks leave to file the video recording of Dr. Spears's deposition under seal.

cc: Counsel of record