UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14-CV-00594-JHM

KEITH SAUNDERS                                                                                      PLAINTIFF

V.

FORD MOTOR COMPANY,                                                                      DEFENDANTS
JEFF MARZIAN,
and KAREN MORRISON

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Keith Saunders' motion to vacate judgment pursuant to Fed. R. Civ. P. 59(e). [DN 72]. Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

The factual background of this case is fully discussed in this Court's memorandum opinion and order granting the Defendants' motion for summary judgment. [DN 70]. Briefly, Keith Saunders began working for Ford in July 2001 and is a member of Local 862 of the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"). Ford and UAW Local 862 are parties to a collective-bargaining agreement ("CBA"). In 2001, while working at Ford's Minnesota facility, Saunders sustained work-related injuries, causing him to be placed on permanent work restrictions. In December 2011, Saunders was relocated to the Louisville Assembly Plant. Saunders alleges that upon relocation, he was denied certain jobs and placed on No Work Available ("NWA") status numerous times in violation of the CBA. He filed this action against Ford, the superintendent of the Louisville plant, Jeff Marzian, and the labor relations supervisor at the Louisville Plant, Karen Morrison, alleging numerous causes of

action.[1] This Court granted summary judgment to the Defendants on all counts, specifically finding that all but one of Saunders' claims were preempted by § 301 of the Labor Management Relations Act and that Saunders had failed to adequately allege a cause of action under § 301. The single claim that was not preempted alleged that the Defendants unlawfully discriminated against Saunders for pursuing a workers' compensation claim in violation of KRS 342.197. However, the Court also granted summary judgment on that claim to the Defendants, and Saunders now asks this Court to vacate its judgment as to that claim.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) permits a court to "alter or amend" its prior judgment for one of four reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citations omitted). However, Rule 59(e) is a limited rule, whose purpose is "to allow the [Court] to correct its own errors" that are timely presented. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citations omitted). It is not an opportunity for the losing party to simply offer old arguments a second time or "to offer additional arguments in support of its position" that were not properly presented initially. *Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007).

## III. DISCUSSION

Saunders argues that the Court committed a clear error of law that requires it to vacate its judgment, making three distinct arguments in support of his motion. The first essentially argues that, despite this Court applying the correct law to his workers' compensation retaliation claim, such law should not apply to his claim, as the *McDonnell-Douglas* burden-shifting scheme

---

[1] Saunders also sued UniCare Life & Health Insurance Company, but all claims against it were dismissed by this Court in a prior opinion. [DN 24].

applied by the Court is disfavored by some in the legal community. This is not an appropriate ground for the Court to alter or amend its opinion, and the Court rejects the argument.

Second, Saunders argues that this Court failed to consider Ford's attempts to settle Saunders' workers' compensation claim an adverse action taken against him under the burden-shifting scheme used for workers' compensation retaliation claims. *See Dollar Gen. Partners v. Upchurch*, 214 S.W.3d 910, 915 (Ky. Ct. App. 2006). Saunders argues that these settlement discussions occurred at suspicious times and placed undue pressure on him to settle his claims in this action, which would have included his resignation from Ford. But even if these allegations are true, they do not meet the standard for adverse employment action, which typically includes "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 761–62 (1998). These unilateral actions, which clearly are done to the detriment of an employee, are not akin to the offer made to Saunders to settle his claims, which Saunders was free to reject, as he did. Thus, the Court did not commit clear error of law when it concluded that an attempt to settle Saunders' claim was not an adverse employment action.

Third, Saunders argues that the Court incorrectly concluded that he failed to establish a causal connection between his pursuit of his workers' compensation claim and the adverse action taken against him. The Court previously found that the only evidence of causation was the temporal proximity between his pursuit of the claim and being placed on NWA status, and that the one-and-a-half month gap between the two events was not sufficient evidence to establish a causal connection. Saunders argues that his reduction in pay from being placed on NWA is further evidence of causation, but the Court disagrees. By being placed on NWA, Saunders had his pay reduced. (*See* Employees Benefits Guide [DN 64-7] at 6) (detailing pay rate reduction

while on NWA status). Thus, the pay reduction was a consequence of being placed on NWA status that goes to the adverse action element of establishing a prima facie case of retaliation, not the causation element. The fact that an adverse action was particularly harsh does not establish a causal connection between that action and his pursuit of his workers' compensation claim. Thus, Saunders has not demonstrated that the Court committed clear error of law when it found that no causal connection had been established between the two.

As a final note, even if the Court found that Saunders had presented a prima facie case of retaliation, neither his original argument in opposition to summary judgment nor his present motion to vacate address the non-retaliatory reason proffered by Ford for Saunders being placed on NWA status. The record clearly establishes that Saunders was removed from his job due to the paint fumes in that job bothering him, with Saunders admitting that he was removed from the job because it "caused problems with my blood pressure." (Dep. Keith Saunders [DN 36-12] at 61.) Removed from that job and with no other work available, Saunders was placed on NWA status. With Saunders presenting no evidence that this was a pretextual reason for placing him on NWA status, his claim fails. Therefore, the motion to vacate the judgment in favor of the Defendants is denied.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's motion to vacate judgment is **DENIED.**

cc: counsel of record